UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00325-FDW-DCK

| | |
|---|---|
| CATHERINE MINOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITIBANK, N.A., AND BEST BUY )<br>STORES, LP, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant Best Buy Stores, LP (Defendant "Best Buy") Motion to Stay and Compel Arbitration and Dismiss, (Doc. No. 8), and Plaintiff's Motion to Strike, (Doc. No. 16). Having carefully considered the motion, memoranda, and the record, the Court GRANTS Defendant Best Buy's Motion to Compel Arbitration, STAYS this case, and DENIES Plaintiff's motion to strike.

### I. BACKGROUND

On January 20, 2019, Plaintiff used her "Best Buy credit card, which is serviced by CitiBank" to pay $209.10 to purchase electronics and a four (4) year Geek Squad Protection Plan (hereafter "Protection Plan"). (Doc. No. 1-1, p. 2). At the time of purchase, Plaintiff was a member of the Best Buy Rewards Program and her receipt indicates she used her Best Buy Member ID as part of the transaction. Plaintiff had enrolled in the Rewards Program in 2004; however, the parties dispute whether she was provided the terms and conditions upon enrollment or at any time she participated in the Program between. On February 25, 2019, Plaintiff returned the purchased electronics, including the Protection Plan, to receive a refund on her Best Buy credit card. Plaintiff

1

contends that "[c]ontrary to Best Buy's representations on February 25, 2019, that Plaintiff's Best Buy credit card balance was $0.00, Best Buy had only refunded Plaintiff $208.42 of the original $209.10 purchase price and unbeknownst to Plaintiff charged the un-refunded balance, $0.68, back to Plaintiff's Best Buy credit card and allegedly emailed said statement to Plaintiff." (Id.). Plaintiff contends she did not discover this balance until June 2019 when she sought to finalize her mortgage financing and was informed her credit report reflected a "Serious Delinquency" and "Amount owed on delinquent accounts." (Id.). Plaintiff contends that as a result, she did not qualify for the preapproval mortgage rate, received a significantly higher mortgage rate, and paid her mortgage provider "in points" in order to procure a lower interest rate.

Plaintiff filed suit against Best Buy and Citibank asserting claims for violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), negligent misrepresentation, and fraudulent misrepresentation. Plaintiff also asserted a claim against Citibank for violation of the Fair Credit Reporting Act. Plaintiff has consented to arbitration with Citibank, (Doc. No. 13).

Best Buy has moved to compel arbitration based on the arbitration provision contained in the Best Buy Rewards Program terms and conditions, which provides:

> IN CONSIDERATION FOR PARTICIPATING IN THE PROGRAM, YOU AGREE THAT IF (1) YOU HAVE ANY DISPUTE WITH OR CLAIM AGAINST BEST BUY ARISING OUT OF OR RELATING IN ANY WAY TO ANY PRODUCTS OR SERVICES SOLD OR DISTRIBUTED BY BEST BUY INCLUDING, BUT NOT LIMITED TO, THE ADVERTISING OF OR THE SALES PRACTICES FOR SUCH PRODUCTS AND SERVICES, AND (2) YOU RECEIVED POINTS, COULD HAVE RECEIVED POINTS, OR YOU APPLIED POINTS OR A CERTIFICATE TOWARD SUCH TRANSACTION, THEN YOU WILL RESOLVE DISPUTES OR CLAIMS BY BINDING ARBITRATION, RATHER THAN IN COURT, EXCEPT THAT YOU MAY ASSERT CLAIMS IN SMALL CLAIMS COURT IF YOUR CLAIMS QUALIFY.
>
> BY AGREEING TO ARBITRATION, YOU UNDERSTAND AND AGREE THAT YOU ARE WAIVING YOUR RIGHT TO MAINTAIN OTHER

AVAILABLE RESOLUTION PROCESSES, SUCH AS A COURT ACTION OR ADMINISTRATIVE PROCEEDING, TO SETTLE DISPUTES. . .

(Doc. No. 15-1, p. 14).

## II. ANALYSIS

Section 2 of the Federal Arbitration Act ("FAA") provides that a written arbitration agreement in "a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable ...." 9 U.S.C. § 2. The Supreme Court has noted that the FAA represents "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, (1983); see also Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002). The Fourth Circuit has explained:

> In order for a court to compel arbitration, the court must first find that an arbitration agreement exists between the parties. If an agreement is found to exist, the court must then decide whether the dispute at issue falls within the scope of the agreement. To determine whether the parties agreed to arbitrate, courts apply state law principles governing contract formation.

Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001) (citation omitted). Under North Carolina law, a valid contract "requires offer, acceptance, consideration, and no defenses to formation.'" Id. (quoting Koltis v. N.C. Dep't of Human Res., 480 S.E.2d 702, 704 (N.C. Ct. App. 1997)). Additionally, "the public policy of North Carolina strongly favors the settlement of disputes by arbitration and requires that the courts resolve any doubts concerning the scope of arbitrable issues in favor of arbitration." Revels v. Miss N.C. Pageant Org., Inc., 627 S.E.2d 280, 283 (2006). "The party seeking to compel arbitration bears the burden to demonstrate such an agreement was reached." D & R Constr. Co., Inc. v. Blanchard's Grove, 667 S.E.2d 305 (N.C. App. 2008).

As an initial matter, the Court finds Plaintiff's motion to strike to be wholly without merit. As the Fourth Circuit has explained, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting.5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990)). A motion to strike may be directed only towards material contained in a "pleading." Fed. R. Civ. P. 12(f). A pleading is defined as "a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross claim, an answer to a third-party complaint, or a court-ordered reply to an answer." Fed. R. Civ. P. 7(a). An affidavit or memorandum in support of a motion to dismiss is not a pleading. See id. Even if the documents Plaintiff seeks to strike were subject to a Rule 12(f) motion, she has not established any basis under law for doing so. To the extent Plaintiff relies on Local Civil Rule 7.1(e), the Court finds that the Reply pleading and affidavit relate to the issues raised in Plaintiff's response, particularly Plaintiff's argument that she did not receive the terms and conditions of the Rewards Program that contained the arbitration provision at issue here. Accordingly, striking the pleadings is not warranted here. And finally, Plaintiff has not indicated how allowing a surreply would be helpful to the Court beyond what she has already argued in her response to the instant motion.

Turning to the merits of the motion to compel arbitration, the record before the Court indicates a valid arbitration agreement exists between Plaintiff and Best Buy. The dispute among the parties rests on whether Plaintiff agreed to the arbitration provision as part of her participation in the Rewards Program, as it is undisputed that the Rewards Program terms and conditions contain an arbitration provision. Although Plaintiff does not recall receiving a copy of these terms and

4

Case 3:21-cv-00325-FDW-DCK   Document 21   Filed 03/04/22   Page 4 of 8

conditions when she enrolled as a member in 2004 or at any time she remained a member leading up to the 2019 transaction at the heart of this case, the record before the Court tends to show Defendant provided all Reward Program participants electronic notice in 2016 of the terms and conditions, including the updated provision regarding arbitration. The record also indicates that Plaintiff continued to participate in the Rewards Program by making several purchases after the 2016 notice that updated the terms and including the arbitration provision. There is sufficient evidence to conclude that Plaintiff had notice of, and access to, the arbitration provision and, by participating in the Rewards Program, agreed to be bound by it. The fact she may have chosen not to access or read the language of the arbitration provision in the Rewards Program terms and conditions does not render it invalid or non-binding. See Dieng v. College Park Hyundai, No. DKC-09-0068, 2009 WL 2096076, at *5 (D. Md. July 9, 2009) (holding that plaintiffs were bound to an agreement they "did not have or take the time to read and understand"). Plaintiff has failed to persuade this Court that the agreement to arbitrate is unenforceable.

Next, the Court concludes the language of the arbitration clause clearly indicates that all disputes between the parties will be submitted to arbitration. The disputes at issue fall within that broad scope. The Court therefore finds and concludes that the parties entered into a valid and binding agreement to arbitrate and that the disputes at issue fall within the scope of that agreement.

In the alternative, even if Plaintiff did not consent to the arbitration provision in the terms and conditions of the Rewards Program, the Court is especially compelled under this record to *sua sponte* find and conclude that Plaintiff's claims against Best Buy are so intertwined with the claims against Citibank that estoppel principles counsel in favor of enforcing arbitration among Best Buy and Plaintiff. Of course, "arbitration is a matter of contract and a party cannot be required to

5

submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). However, in certain limited circumstances, a nonparty can enforce, or be bound by, an arbitration provision within a contract executed by other parties. See Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416–17 (4th Cir. 2000). Indeed, "[a] number of courts, including the Fourth Circuit, have recognized an 'intertwined claims' exception to the general rule." James C. Greene Co. v. Great Am. E & S Ins. Co., 321 F. Supp. 2d 717, 719 (E.D.N.C. 2004) (collecting cases and citing J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315 (4th Cir.1988)). The Fourth Circuit has explained that "equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract." Brantley v. Republic Mortgage Ins. Co., 424 F.3d 392, 396 (4th Cir. 2005). "To be equitably estopped from denying the applicability of an arbitration clause, therefore, the signatory need not necessarily assert a cause of action against the nonsignatory for breach of the contract containing the arbitration clause. Instead, estoppel is appropriate if in substance. the signatory's underlying complaint is based on the nonsignatory's alleged breach of the obligations and duties assigned to it in the agreement. Am. Bankers Ins. Grp., Inc. v. Long, 453 F.3d 623, 627–28 (4th Cir. 2006) (cleaned up).

Applying these principles of equitable estoppel to the instant case, the Court finds and concludes that Plaintiff is estopped from refusing to arbitrate her dispute with Best Buy because Best Buy is entitled to enforce arbitration as a third-party beneficiary of the Citibank credit card agreement. Indeed, Plaintiff refers to the "Best Buy credit card" throughout her Complaint. All

6

Case 3:21-cv-00325-FDW-DCK   Document 21   Filed 03/04/22   Page 6 of 8

of Plaintiff's claims arise out of and relate directly to the credit card, and the specific allegations against Best Buy relate to its representations regarding processing a refund to that credit card. A fair reading of the Complaint leads to only one conclusion: but for the existence of the "Best Buy credit card" provided by Citibank, Plaintiff would have no claims against Best Buy here. Plaintiff consented to arbitration with Citibank, which precludes Plaintiff from arguing the unenforceability of that arbitration provision to the claims at issue. In sum, because of the unique allegations and claims in the instant case, the arbitration provision in Plaintiff's credit card agreement with Citibank supports arbitration of Plaintiff's claims against Best Buy pursuant to the principles of equitable estoppel.

Having found the parties shall arbitrate their disputes among them, Section 3 of the FAA guides this Court as to next steps in the instant case. It provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Thus, the Fourth Circuit has said: "The FAA requires a court to stay 'any suit or proceeding' pending arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.' This stay-of-litigation provision is mandatory." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002) (quoting 9 U.S.C. § 3)). Nevertheless, in lieu of a stay, some courts have determined that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001). Because Plaintiff's claims against Citibank are currently stayed pending

resolution of arbitration, the Court finds a stay of Plaintiff's claims against Best Buy is likewise appropriate. This matter will be stayed, and parties are required to submit a status report every 90 days to apprise the Court of their progress in resolving the claims between them.

### III. CONCLUSION

Because a valid arbitration agreement exists between the parties and governs their disputes in this case, Defendant's Motion to Stay Proceedings and Compel Arbitration is granted while its Alternative Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that Best Buy's Motion to Stay and in the Alternative Dismiss, (Doc. No. 8), is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike, (Doc. No. 16), is DENIED.

IT IS FURTHER ORDERED that the parties shall proceed to arbitration and submit reports to the Court every ninety (90) days. Accordingly, this matter is STAYED for twelve (12) months. The dispute must be resolved within twelve (12) months from the date of this Order. Failure to do so will result in Court action.

IT IS SO ORDERED.

Signed: March 3, 2022

Frank D. Whitney
United States District Judge